**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **STEPHEN D. HAYNES, #87897-079,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **3:09-CV-2046-B** |
| | § | |
| **MAUREEN CRUZ, Warden FCI Seagoville,** | § | |
| **Respondent.[1]** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge.  The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a *pro se* petition for habeas corpus relief submitted by a federal prisoner pursuant to 28 U.S.C. § 2241.

Parties:  Petitioner is currently confined within the Federal Bureau of Prisons at FCI Seagoville in Seagoville, Texas.  Respondent is Maureen Cruz, the Warden of FCI Seagoville. The court issued process in this case.

Statement of the Case:  Following his arrest by state authorities on October 19, 1998 , Petitioner pled *nolo contendere* to four counts of indecency with a child in Harris County, in Cause Nos. 795837, 795838, 795839, and 796031.  On April 8, 1999, the state court sentenced

---

[1]        The parties agree that Warden Cruz is the sole Respondent in this case and that the Bureau of Prisons can be dismissed.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35, 124 S.Ct. 2711, 2717 (2004) (The proper respondent in a § 2241 habeas petition is "the person who has custody over [the petitioner].").

Petitioner to 18 years imprisonment in the Texas Department of Criminal Justice (TDCJ).

On November 23, 1999, a federal grand jury indicted Petitioner on eight counts of possession of child pornography.  *See United States v. Haynes*, 4:99-cr0679 (S.D. Tex., Houston Div.).  On December 10, 1999, pursuant to a writ of habeas corpus *ad prosequendum*, TDCJ transferred Petitioner to the custody of the U.S. Marshal.  Thereafter, Petitioner pled guilty to three of the federal counts.  On May 18, 2000, the court assessed punishment at 108 months imprisonment, a fine of $10,000, and a three-year supervised release term.  (Resp't App. at 50-55.)  The judgment of conviction specified that the 108-month sentence would "run consecutive to state cases #795837, #795838, #795839 and #796031.  Provided that the defendant serve no more than 20 years in either state and/or federal custody, providing for a partially concurrent sentence."  (*Id.* at 51.)

On May 26, 2000, the U.S. Marshal returned Petitioner to TDCJ to serve the remaining portion of his state sentence.  Petitioner remained in TDCJ until July 14, 2008, when he was paroled on the state sentences and transferred back to the custody of the U.S. Marshall to begin serving his federal sentence.

On October 28, 2009, after exhausting his administrative remedies, Petitioner filed the habeas petition presently at issue.  He requested credit toward his federal sentence from December 12, 1999 (when TDCJ initially transferred him to federal custody on the basis of the writ of habeas corpus ad *ad prosequendum*), until he was paroled on his state sentences on July 14, 2008.  In response to the court's order to show cause, Respondent filed a response opposing the § 2241 petition.  Petitioner filed a reply.

<u>Findings and Conclusions</u>:  For offenses committed after November 1, 1987, federal sentence computation is governed by 18 U.S.C. § 3585.  *See United States v. Wilson,* 503 U.S.

329, 332 (1992).  Section 3585 provides in part as follows:

> (a) A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

18 U.S.C. § 3585(a).  *See also Leal v. Tombone,* 341 F.3d 427, 428 (5th Cir. 2003) (citing 18 U.S.C. § 3585(a)).

The federal sentence in this case commenced on July 14, 2008, when state authorities paroled Petitioner on the state sentences, finally relinquishing their jurisdiction, and transferred Petitioner to the custody of the U.S. Marshall to begin serving his federal sentence.  Prior to that date, Petitioner was in state custody.  When a defendant, as in this case, is produced in federal court pursuant to a writ of habeas corpus *ad prosequendum* from state authorities, his federal sentence does not commence.  *Vignera v. Attorney General,* 455 F.2d 637, 637-38 (5th Cir. 1972) (per curiam).  The Fifth Circuit has held:

> The law is clear in this Circuit that, if a defendant is in state custody and he is turned over to federal officials for federal prosecution, *the state government's loss of jurisdiction is only temporary.*  The prisoner will be returned to state custody at the completion of the federal proceedings or the federal sentence if the federal government wishes to execute it immediately.  *A writ of habeas corpus ad prosequendum is only a 'loan' of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction.*

*Causey v. Civiletti,* 621 F.2d 691, 693 (5th Cir. 1980) (emphasis added) (internal citations omitted).

Petitioner contends he is entitled to "prior custody credit" under 18 U.S.C. § 3585(b) because he was in official detention before the commencement of his federal sentence, and his federal sentence was ordered to run partially concurrent to his state sentence.   (Pet. at 6 and 8).  According to Petitioner, the key issue is "whether and to what extent Petitioner's prior [state] custody . . . was credited against another non-concurrent (i.e.: consecutive) sentence."  (*Id.* at 8).

A federal prisoner is entitled to receive credit under § 3585(b) for time he has served in custody prior to the commencement of his federal sentence, as long as that time has not

previously been credited towards any other sentence. *See United States v. Wilson*, 503 U.S. 329, 337 (1992) (explaining that when Congress enacted § 3585(b), it "made clear that a defendant could not receive a double credit for his detention time."); *Willis v. United States*, 438 F.2d 923, 925 (5th Cir. 1971) (under § 3585(b), federal prisoners ordinarily are not entitled to pre-sentence credit that has previously been credited towards another sentence).

Section 3585(b) reads as follows:

Credit for prior custody. -- A defendant is to be given credit towards the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
(1) as a result of the offense for which the sentence was imposed; or
(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
that has not been credited towards another sentence.

18 U.S.C. § 3585(b).

The record reflects, and Petitioner does not dispute, that he received credit toward his state sentences for the time period from October 19, 1998, until July 14, 2008. Accordingly, Petitioner is not entitled to any additional credit against his federal sentence under § 3585(b). *See Howard v. United States*, 420 F.2d 478, 480 (5th Cir. 1970) (holding that because petitioner "was at all times in custody of the State of Louisiana and appeared in federal court for arraignment and sentencing under authority of federal writs of habeas corpus ad prosequendum ... he [was] not entitled to have this time credited toward his federal sentence").[2]

Petitioner argues the federal sentencing judge ordered his sentence to run "partially concurrent" to his state sentences, thus entitling him to receive credit under § 3585(b). This claim lacks merit. Petitioner misconstrues the ruling of the federal sentencing judge. The judge

---

[2]     The *Howard* decision was based on the now repealed 18 U.S.C. § 3568, which has been replaced by 18 U.S.C. § 3585.

ordered the federal sentence "to run consecutive to [Petitioner's] state sentences."  (Sent. Tr. at 8

attached to Pet.)  The judgment of conviction likewise noted the consecutive nature of the federal

sentence.

While the judge stated that he would "make the state and federal sentences run partially

concurrent," he did so *only* under one limited circumstance – namely if Petitioner would serve a

total of 20 calendar years on the state and the federal sentence.  In explaining his reasoning, the

judge noted as follows:

> I do think there is some merit to the argument about the uncertainty of the state
> sentence, so I'm going to make the state and federal sentences to run partially
> concurrent in this respect.
>     Once the total time served in custody on the state and federal sentence has
> reached 20 actual calendar years, you will be released.  So if you serve 18 years in
> state custody, that's not good time, that's actual 18 years behind bars, that would
> count as partial credit against the federal sentence.  Once you served a total of 20
> years behind bars, you will have completed your federal sentence, even if you've
> actually served less than 108 calendar months.

(Sent. Tr. at 9-10).

Relying on U.S.S.G. § 5G1.3(b) and (c), Petitioner argues that his state and federal

sentences should run concurrent.  This claim likewise fails.  The sentencing court lacked the

authority to impose concurrent sentences under § 5G1.3 since Petitioner's state and federal

convictions did not arise from the same incident and conduct.  In its response, the government

correctly notes the state cases were unrelated to the federal case, and Petitioner appropriately

was assessed criminal history points for his state convictions.  (Addendum to PSR, Resp't  App.

at 29-30.)  In addition, the sentencing court did  not have the authority, under § 3585(b), to order

a federal sentence to run concurrently with a prior sentence.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus

be DENIED and DISMISSED.

It is further recommended and that the Bureau of Prisons be DISMISSED as a

Respondent in this case.

Signed this 4th day of March, 2010.


_WM. F. Sanderson Jr._
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE


NOTICE

A copy of this report and recommendation shall be served on all parties in the manner
provided by law.  Any party who objects to any part of this report and recommendation must file
specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. §
636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific
finding or recommendation to which objection is made, state the basis for the objection, and
specify the place in the magistrate judge's report and recommendation where the disputed
determination is found.  An objection that merely incorporates by reference or refers to the
briefing before the magistrate judge is not specific.  Failure to file specific written objections will
bar the aggrieved party from appealing the factual findings and legal conclusions of the
magistrate judge that are accepted or adopted by the district court, except upon grounds of plain
error.